IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTIAN MARCUM, | CIVIL ACTION NO. 1:12-cv-00834 |
| Plaintiff, | JUDGE TIMOTHY S. BLACK |
| v. | **STIPULATED ENTRY OF PROTECTIVE ORDER** |
| DEPUY ORTHOPAEDICS, INC. | |
| Defendant. | |

Plaintiff Christian Marcum and Defendant DePuy Orthopaedics, Inc. stipulate and agree, through their respective attorneys of record, to the entry of this Protective Order to protect the confidential status of protected information during discovery in this litigation.

1. This is a medical device product liability action in which Marcum alleges that the DePuy ceramic femoral head used in her total hip replacement was defective. The parties anticipate that discovery and expert disclosures will encompass certain confidential and proprietary information of DePuy, which designs, manufactures and sells orthopaedic prescription medical devices. The orthopaedic medical device field is a highly regulated industry in which DePuy and its many competitors must expend substantial resources creating processes and procedures to comply with the FDA's good manufacturing practices regulations, and submitting confidential design, manufacturing, materials, and process information to the FDA before such devices can be marketed. Accordingly, the parties have agreed a protective order is appropriate to prevent the improper disclosure or use of such information while permitting plaintiff the access necessary to evaluate and prosecute her claims.

2.  The Parties may designate as "Protected Information" documents or information produced in discovery in this case which contains confidential information, the disclosure of which to or by the receiving party would, in good faith judgment of the producing party, result in the disclosure of trade secrets, or confidential research, development or commercial information as defined under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and the case interpreting this Rule. Documents produced in discovery may be designated as "Protected Information" by marking the document so designated in such a manner as not to obliterate or obscure any written matter. To the extent that computerized or electronic material that is confidential is produced, a cover letter shall contain the "Protected Information" designation.

3.  Protected Information shall be used only for the conduct of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except:

> a. The Court and court personnel (including the court having jurisdiction over any appeal);
>
> b. Court reporters used in connection with the litigation;
>
> c. Any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation;
>
> d. Any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter;
>
> e. Employees of outside copying, document imaging and facsimile services;
>
> f. Present counsel of record for the parties and secretaries, paraprofessional assistants, and other employees or agents of such counsel who are actively engaged in assisting counsel in connection with this matter;
>
> g. The parties themselves and outside experts or consultants whose advice and consultation are being or will be used by the

parties in connection with preparing for the litigation, and the staffs of such experts or consultants; and

  h.  Witnesses or deponents in the course of this litigation.

4.  Disclosure shall be made to persons identified in subparagraphs g and h above only as necessary for the litigation, and only after the person to whom disclosure is made has been informed of the Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as ***Attachment A.*** The terms of this Protective Order shall be explained to such persons by the persons disclosing the Protected Information. The executed acknowledgment shall be retained by counsel disclosing the Protected Information. Protected Information shall not be disclosed to any person in any manner not specified in this Protective Order.

5.  The party and counsel receiving Protected Information, and their consultants and experts, shall keep within their exclusive possession and control, except as provided in paragraph 3, shall maintain such material and information in their offices or other secure facility, and shall not make copies, extracts, summaries, or descriptions of the Protected Information or any portion thereof, except as convenient or necessary for use in this litigation.

6.  Designation of information as Protected Information is not determinative of whether the designation is appropriate. If a party seeks to challenge the designation on the ground that such protection is not warranted under controlling law, the following procedure shall be utilized:

  a.  The party challenging the designation shall give counsel for the designating party notice, in writing, specifying the Protected Information for which the designation is challenged and the reasons for the challenge;

  b.  If the parties cannot reach agreement, the party designating the Protected Information shall, within 15 days of receipt of that

notice, file and serve a motion and supporting brief seeking the protection of this information. The party filing a brief containing or referring to Protected Information shall seek leave to file it under seal, and the other party shall not oppose such request.

c. On any motions arising out of the designation of any material as Protected Information, the burden of justifying the designation shall lie with the designating party.

d. All materials designated as Protected Information under this Order, whether or not such designation is in dispute pursuant to paragraph 6, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until: (i) the time period for filing a motion seeking protection of the information as set forth in Subsection b. above has expired without filing a motion with the Court; (ii) the producing party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or (iii) ten days after the expiration of the appeal period for an Order of this Court that the matter shall not be entitled to confidential designation (or such longer time as ordered by this Court if the Order on appeal is not subject to a stay).

7. A party may not file in the public record in this action any Protected Information without written permission from the producing party or a court order secured after appropriate notice to all interested persons. Material or information designated as Protected Information under this Protective Order shall not be used or disclosed by any party or their counsel to any other person except as provided above, and shall not be used for any business or competitive purpose, or for any other purpose whatsoever, other than the preparation and trial of this action and any appeal.

8. If, in connection with any motion or other proceeding except trial, either party intends to offer into evidence documents designated as containing Protected Information, such evidence shall be submitted *in camera* and in accordance with local court rules and, unless otherwise ordered by the Court, shall be sealed without any proceedings involving disclosure of the evidence held *in camera.* The parties shall be entitled to identify and use documents for trial regardless of their designation as containing Protected Information, provided that for any

documents identified on exhibit lists for use at trial, the parties shall be entitled to seek appropriate protection, by motions in limine or otherwise, for any document so identified.

9. Any non-party from whom discovery is sought shall have the same rights and be subject to the same obligations under this Protective Order as if it were a party. The undersigned will treat as confidential Protected Information designated by a non-party in accordance with this Protective Order, regardless whether the non-party is or becomes a signatory to this Protective Order.

10. Federal Rules of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 shall govern inadvertent production of privileged materials. The receiving party shall promptly notify the producing party upon the receipt of any document or item that appears to contain privileged information. Upon notice that a document or item containing privileged information has been produced, the producing party shall promptly notify the receiving parties of the claim of privilege and the basis for it. Within three business days after receipt of a notice that a document or item containing privileged information has been produced, the receiving party shall return, sequester or destroy the document or item, and all copies thereof, until the claim has been resolved, even if the party disputes the underlying privilege. To the extent that the information in the document or item has already been used or described in other documents generated or maintained by a receiving party, the receiving party shall take steps promptly to retrieve and sequester such documents until the privilege claim has been resolved. If a receiving party disclosed the information being notified of its inadvertent production, the receiving party shall take reasonable steps to retrieve that information until the privilege claim has been resolved. A party's return of allegedly privileged materials is without prejudice to its right to seek a judicial determination of that privilege claim.

11. If any party or person subject to this Protective Order violates or threatens to violate any of its terms, an aggrieved party may immediately apply to the Court for appropriate relief permitted under the Federal Rules of Civil Procedure.

12. If another court or an administrative agency subpoenas or otherwise orders production of Protected Information obtained under this Protective Order, the person to whom the subpoena or other process is directed shall promptly notify counsel for the designating party in writing via fax and overnight delivery of all of the following: (1) the Protected Information that is requested by the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall Protected Information be produced before the expiration of fifteen business days after written notice to counsel for the designating party. Furthermore, the person receiving the subpoena or other process shall cooperate with the producing party in any proceeding related thereto.

13. This Protective Order shall be binding on the parties upon execution by counsel, regardless whether or when the Court enters the Protective Order; *provided however* that if the Court revises the Protective Order, then the Court's version will control.

14. Upon final termination of this action, whether by judgment, settlement or otherwise, counsel for receiving party shall return to counsel for the designating party all Protected Information in their possession or subject to their control (including but not limited to materials furnished to consultants and/or experts), and execute an affidavit or declaration

affirming based on personal knowledge that all such Protected Information, including copies upon which any notes have been made, have been returned.

15. The terms of this Protective Order shall survive and remain in effect after the termination of this lawsuit. To the extent permitted by local rules and governing law, counsel for the designating party shall be entitled to contact the Court to claim and retrieve documents containing Protective Information that were submitted to the Court.

16. This Protective Order may be modified in writing by agreement of the parties or by order of the Court. Until modification is granted by agreement or order of the Court, the terms of this Agreement shall govern.

**STIPULATED TO and CONSENTED TO BY:**

BURG SIMPSON ELDREDGE HERSH & JARDINE, PC

Dated: September 9, 2013     By:     /s/ *Melanie S. Bailey*
Melanie S. Bailey
312 Walnut Street – Suite 2090
Cincinnati, OH 45202
T.: (513) 852-5600
F.: (513) 852-5611
Email: mbailey@burgsimpson.com

*Attorney for Plaintiff*
*Christian Marcum*

TUCKER ELLIS LLP

Dated: September 9, 2013     By:     *Jeffrey M. Whitesell*
Jeffrey M. Whitesell
950 Main Avenue, Suite 1100
Cleveland, OH 44113
T: (216) 696-4889
F: (216) 592-5009
Email: jeffrey.whitesell@tuckerellis.com

                                      Jan M. Carroll (*pro hac vice*)
                                      Barnes & Thornburg LLP
                                      11 South Meridian Street
                                      Indianapolis, IN 46204
                                      T: (317) 236-1313
                                      F: (317) 231-7433
                                      Email: jan.carroll@btlaw.com

                                      *Attorneys for Defendant*
                                      *DePuy Orthopaedics, Inc.*

SO ORDERED, this __9th__ day of ___September___, 2013

                                                                        s/ Timothy S. Black
                                               United States District Court
                                               Southern District of Ohio

Copies to counsel of record via ECF

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the foregoing Protective Order entered in the case captioned *Christian Marcum v. DePuy Orthopaedics, Inc.,* Case No. 1:12-cv-00834, United States District Court for the Southern District of Ohio, understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned hereby consents to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing the Protective Order.

Dated: _____     :_____
                                                    (Signature)

                                                    _____
                                                    (Printed)

                                                    _____
                                                    (Street Address)

                                                    _____
                                                    (City, State and Zip code)

                                                    _____
                                                    (Telephone)

*Attachment A*

012176.004144/1796972.1